BARRY J. PORTMAN
Federal Public Defender
RONALD C. TYLER
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA  94102
Telephone:  (415) 436-7700

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. CR 07-0713 SI |
| Plaintiff, | ) |
| | ) DEFENDANT'S MOTION FOR |
| v. | ) LEAVE TO FILE A MOTION TO |
| | ) RECONSIDER APPROVAL OF |
| BRUCE NHOUTHAKITH, | ) GOVERNMENT'S REQUEST RE: |
| | ) EVIDENCE VIEWING |
| Defendant. | ) |
| | ) |

**INTRODUCTION**

Bruce Nhouthakith is scheduled to be sentenced on September 22, 2008 based on his plea of guilty to transportation of child pornography, in violation of Title 18 U.S.C. § 2252(a)(1).  On June 17, 2008, the government filed a letter requesting that the Court view videotape evidence in this case. Docket Number 20, Exhibit A, attached.  Two days later, on June 19, 2008, the Court filed a copy of the letter, stamped "Approved."  Docket Number 21, Exhibit B, attached.

On September 11, 2008, the government sent a second letter to the Court, apparently accompanied by a copy of the videotape evidence.  By this motion, Mr. Nhouthakith urges the Court to not view the tape, pending further argument.  He seeks leave to file a motion for the Court to reconsider it's approval of the government's request.

//

DEFT MOT FOR LEAVE TO FILE        - 1 -
MOT TO RECONSIDER
*U.S. v. Nhouthakith* CR 07-0713 SI

# ARGUMENT

**The Defense Should be Permitted to File A Motion For Reconsideration**

### A.    Civil Local Rule 7-9 Governs Motions for Reconsideration

Civil Local Rule 7-9 establishes certain procedures which a litigant must follow in seeking reconsideration of a prior Court order.[1] Under Rule 7-9, a party must first file a motion to obtain leave of court before filing a motion for reconsideration:

> (b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

### B.    The Court Has Not Yet Considered Dispositive Legal Arguments

The Court granted the government's request two days after receipt of the government's letter. There was insufficient time for a written response from the defendant. There was no oral argument prior to entry of the order, either. Consequently, none of the various subsections of Local Rule 7-9 fit perfectly. The best match would appear to be Rule 7-9(b)(3).

Under Rule 7-9(b)(3), one of the bases for reconsideration is that the Court has failed to consider material facts or dispositive legal arguments which were presented before the entry of the pertinent order. Since the Court issued its approval shortly after receipt of the government's letter,

---

[1] Criminal Local Rule 2-1 makes Civil Local Rule 7-9 applicable in criminal matters.

DEFT MOT FOR LEAVE TO FILE                - 2 -
MOT TO RECONSIDER
*U.S. v. Nhouthakith* CR 07-0713 SI

without written or oral argument from the defense, it would be manifestly unfair to not re-consider the decision, with the benefit of such argument.

**CONCLUSION**

For all of the foregoing reasons, Bruce Nhouthakith respectfully requests that the Court not view the tape sent to it by the government, pending further argument. He asks that the Court grant him leave to file a motion for reconsideration of the June 19, 2008 approval of the government's request that the Court view the videotape.

Dated: September 11, 2008

                            Respectfully submitted,

                            BARRY J. PORTMAN
                            Federal Public Defender

                                /s/

                            RONALD C. TYLER
                            Assistant Federal Public Defender